IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE:

JOSEPH ANTHONY DOWDALL

Debtor

Case No. 24-42950
Chapter 7

# CREDITOR MMWKM'S OPPOSED MOTION TO EXTEND TIME TO FILE OBJECTIONS TO DISCHARGE

COMES NOW MMWKM Advisors, LLC, Chapter 7 Creditor (the "Creditor" or "MMWKM"), and pursuant to, *inter alia*, 11 U.S.C. § 727 and FRBP 4004(b), files this *Opposed Motion to Extend Time to File Objections to Discharge* (the "Motion"), and in support hereof, would show the Court the following:

1. On December 5, 2024, Joseph Dowdall ("Debtor") filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy proceeding.

2. Thereafter, Mark A. Weisbart was appointed the Chapter 7 Trustee and has since served in that capacity.

3. The initial Meeting of Creditors was called on January 24, 2025, continued to March 14, 2025 and continued again to April 4, 2025 at 12:00 p.m.

4. In a series of new admissions of fraudulent transfers, at the April 4, 2025 Meeting of Creditors, Mr. Dowdall testified that:

   a. he entered into a "separate property agreement" with his wife, Leila Dowdall, in around 2022, because he "was going through a lawsuit" (Exhibit 1, April 4, 2025 Transcript, at 17:6–19); and

   b. the monies he received from Worth Asset Management, LLC, "since they became salary," have gone to "an account owned by [his] wife, L[ei]la Dowdall, as a separate property account" (Exhibit 1, April 4, 2025 Transcript, at 46:1–5); and

      c. he "inadvertently" filed a 2024 tax return, as he answered in response to the Trustee's questioning, "so I actually have a refund for the '24 tax return that I'm going to have to account for, you know, to apply towards the creditors" (Exhibit 1, April 4, 2025 Transcript, at 6:17–23).

5. Since that April 4, 2025 Meeting of Creditors, Debtor Dowdall has not produced the "separate property agreement" to MMWKM, nor has he apparently tendered the "salary" paid directly to his wife's bank account to the Trustee or Registry of the Court, much less the $7,000.00 tax return he admitted should have been turned over already. To confirm these shocking facts, MMWKM's counsel requested a transcript of the April 4, 2025 Meeting of Creditors, which he received on April 30, 2025. Exhibit 1, April 4, 2025 Transcript, at 65 ("Certified to by me this 30th day of April, 2025.") (certified by Diana Ramos). In other words, several days after the deadline to file a complaint to determine dischargeability.

6. Sure enough, in that bombshell transcript, Debtor Dowdall admitted the facts set forth above, which are sufficient to revoke discharge under Section 727(d) of the Bankruptcy Code, and therefore, under Federal Rule of Bankruptcy Procedure 4004, are sufficient to grant this motion to extend time for MMWKM to file an amended complaint to determine dischargeability on these grounds, promptly upon confirming such grounds exist in the transcript completed on April 30, 2025. *See* 11 U.S.C. § 727(d) (providing that "the court shall revoke a discharge granted under subsection (a) of this section if (1) such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; the debtor has committed an act specified in subsection (a)(6) of this section; or (4) the debtor has failed to explain satisfactorily—(A) any material misstatement in an audit referred to in section 586(f) of

title 28; 04 (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28"). As such, MMWKM may file this "motion to extend time to object to discharge after the time for objection has expired and before discharge is granted" because "(A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection." FED. R. BANK. P. 4004(b)(2). As further provided by Rule 4004(b)(2), this motion is being "filed promptly after the movant discovers the facts on which the objection is based." *Id.*

7. Five days after receiving the transcript of the Meeting of Creditors that confirmed these facts,[1] on May 5, 2025, the undersigned requested of Debtor Dowdall's counsel a copy of the "separate property agreement," but as of the time of this filing, Debtor Dowdall has ignored that request. Withholding such information from stakeholders in the bankruptcy process is an obvious attempt to conceal financial arrangements that were clearly intended to deprive MMWKM of recovery on its claim, which Debtor Dowdall admitted in his testimony.[2] *See* 11 U.S.C. § 727(d)(1). Moreover, Debtor Dowdall admitted to obtaining a tax refund that he did not notify Trustee Weisbart about, much less turn over, a knowing—and, indeed, fraudulent—failure to report such acquisition of property of the estate. *See* 11 U.S.C. § 727(d)(2); *see also McNally v.*

---

[1] Exhibit 1, April 4, 2025 Transcript, at 65 ("I, Diana Ramos, Certified Shorthand Reporter in and for the State of Texas. . . . Certified to by me this **30th day of April, 2025**) (emphasis added).
[2] Exhibit 1, April 4, 2025 Transcript, at 17:6–19 ("Q. . . . I believe I was told that you signed a separate property agreement with your wife? A. That's correct. Q. And is that a copy of – can I get a copy of that? MR. PRONSKE: I'm going to send you a copy of it this afternoon. TRUSTEE WEISBART: Okay. Great. Thanks. Q. (BY TRUSTEE WEISBART) And when was that executed? A. I believe in 2022. **Q. And why did you execute that agreement? A. You know, I was going through the lawsuit . . . .**") (emphasis added). Notwithstanding Mr. Pronske's insistence that he would produce the separate property agreement that afternoon, Debtor Dowdall equivocated when asked if he even kept a copy of the separate property agreement. *See* Exhibit 1, April 4, 2025 Transcript, at 53:21–25 (Q. Okay. And can you confirm here on the record that you still have a copy of the separate property agreement? A. Yeah. I can't confirm because I'm not exactly sure if I do or don't.").

*Echart*, 374 B.R. 596 (Bankr. E.D. Tex. Sept. 5, 2007) (Judge Bill G. Parker) (in that case, the debtors' discharge was revoked based on their failure to report or turn over a federal income tax refund they received post-petition); *see generally* 2023 PRONSKE'S TEXAS BANKRUPTCY, ANNOTATED at 225–26 (addressing revocations of discharge under Section 727(d) of the Bankruptcy Code). Worst of all, Debtor Dowdall continues to allow cash belonging to the bankruptcy estate to go directly to his wife's separate bank account—which he elsewhere claims are his "wages" and therefore exempt from collection—and accordingly, revocation of discharge would be allowed under Section 727(d) because Debtor Dowdall is continuing to route non-exempt assets to his wife under the nose of MMWKM, the Trustee, and this Honorable Court.

8. At the April 4, 2025 Meeting of Creditors, Trustee Weisbart confirmed on the record that Debtor Dowdall was still withholding estate documents, including, in Trustee Weisbart's words, "There are documents that I have not yet seen, some credit card statements and the '24 tax return and the separate property agreement." Exhibit 1, April 4, 2025 Transcript, at 63:18–22. Accordingly, it is not surprising that Trustee Weisbart also requests the same extension as MMWKM does here.

9. The current deadline to file objections to discharge is April 24, 2025. According to the April 24, 2025 Unopposed Second Motion to Extend Time File Objections to Discharge filed by Trustee Mark A. Weisbart, the Trustee and Debtor agreed to a thirty (30) day extension of the deadline to object to the discharge of the Debtor, including the Trustee and the Office of the United States Trustee, to **Monday, May 26, 2025**. Dkt. No. 33. Though Trustee Weisbart asked Debtor Dowdall if he would agree that the deadline be extended to any party in interest, including MMWKM, through his counsel, Debtor Dowdall refused to extend the same courtesy to MMWKM that he extended to Trustee Weisbart, even though MMWKM also has an interest in opposing discharge. Accordingly, the Trustee's April 24, 2025 Unopposed Second Motion to Extend Time

to File Objections to Discharge was only made as to his office and the United States Trustee. As of the time of filing of the instant Motion, no order has been entered on Trustee Weisbart's Unopposed Second Motion to Extend Time to File Complaint Objecting to Discharge (Dkt. No. 33), so The Court could grant both that motion and the instant Motion and extend the deadline to file a complaint objecting to discharge under 11 U.S.C. § 727 by any interested party, instead of just the Trustee or the Office of the United States Trustee, until Monday, May 26, 2025.

10. In any event, MMWKM quickly prepared a Complaint to Determine Dischargeability on April 24, 2025, which required MMWKM to open an adversary case—which its counsel did not expect—resulting in the Complaint getting filed shortly after midnight on April 25, 2025, at 12:07 a.m., to be exact. *See* Dkt. No. 34. In any event, that Complaint could not address the several grounds for denial of discharge from the Meeting of Creditors transcript that came to light in the transcript completed on April 30, 2025, which militate in favor of the Court granting MMWKM an extension to file a complaint regarding dischargeability under Section 727 to May 26, 2025. Should this Motion be granted, MMWKM will file an amended complaint regarding dischargeability focused on these grounds under Section 727 of the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, MMWKM Advisors, LLC prays that, based upon new revelations from Debtor Dowdall's own testimony at the April 4, 2025 Meeting of Creditors, the Court enter an order granting the extension requested above and grant MMWKM—and the Trustee—such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Patrick Yarborough*
FOSTER YARBOROUGH PLLC
917 Franklin Street, Suite 220
Houston, Texas 77002
713-331-5254 telephone
713-513-5202 facsimile
patrick@fosteryarborough.com

COUNSEL FOR MMWKM ADVISORS, LLC

**CERTIFICATE OF CONFERENCE**

This is to certify that on or about April 24, 2025, Trustee Weisbart confirmed to me that he had conferred with Gerrit Pronske, counsel for the Debtor, regarding MMWKM's desire to be included in the Trustee's April 24, 2025 Second Motion to Extend Time to File Complaint Objecting to Discharge. Mr. Pronske confirmed that he opposed the relief sought in this Motion, namely, a 30-day extension of time for Creditor MMWKM Advisors, LLC to file a complaint regarding dischargeability, to May 26, 2025.

*/s/ Patrick Yarborough*
Patrick Yarborough

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties listed on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid no later than the 12th day of May 2025.

*/s/ Patrick Yarborough*
Patrick Yarborough