UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS (SHERMAN)

EXHIBIT 1

IN RE: )
) CASE NO. 24-42950
JOSEPH ANTHONY DOWDALL, ) CHAPTER 7
)
Debtor. )

TRANSCRIPTION OF AUDIO RECORDED

341 CREDITORS MEETING HELD TELEPHONICALLY

341 AUDIO 04.04.25 #1 AND #2

Durations: 45:55 and 18:42

DISCLAIMER

The transcription and translation of the contents of this digital file recorded material are based upon the recording as heard on the particular electronic equipment used, the quality of the recording provided, the speaking speed, and the content of the conversation as understood by the reporter. Furthermore, proper names were spelled phonetically.





A P P E A R A N C E S

CHAPTER 7 TRUSTEE:

Mr. Mark A. Weisbart

COUNSEL FOR CREDITORS MMWKM ADVISORS, LLC, AND KEN MORAIF:

Mr. Patrick Yarborough
FOSTER YARBOROUGH, PLLC
917 Franklin Street, Suite 220
Houston, Texas 77002
Tel: (713) 331-5254

COUNSEL FOR DEBTOR JOSEPH ANTHONY DOWDALL:

Mr. Gerrit M. Pronske
SPENCER FANE, LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel: (972) 324-0301

COURT-APPOINTED RECEIVER IN A DALLAS COUNTY DISTRICT COURT CASE JUDGMENT AGAINST JOSEPH DOWDALL:

Ms. Dana Elise Lipp
LIPP LEGAL, PLLC
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
Tel: (512) 775-3383

ALSO PRESENT:

Mr. Joseph Anthony Dowdall, Debtor





# I N D E X


PAGE

Chapter 7 Trustee Calls Case................ 4

JOSEPH ANTHONY DOWDALL

Examination by Trustee Weisbart........ 5

Examination by Mr. Pronske............. 7

Examination by Trustee Weisbart........ 8

Examination by Mr. Yarborough.......... 25

Examination by Ms. Lipp................ 54

Examination by Trustee Weisbart........ 56

Examination by Ms. Lipp................ 60

Examination by Mr. Yarborough.......... 62

Examination by Trustee Weisbart........ 62

Adjournment............................... 64

Court Reporter's Certification............ 65






P R O C E E D I N G S

(341 AUDIO 04.04.25 #1)

FEMALE SPEAKER: All right. Track No. 48, Joseph Dowdall, Case No. 24-42950.

I have Patrick Yarborough listed. And, everybody else, if you'll please state your names.

MR. DOWDALL: Joseph Dowdall.

MR. PRONSKE: Gerrit Pronske, attorney for the debtor.

TRUSTEE WEISBART: All right. Mark Weisbart, trustee.

Does anyone else want to appear in this?

FEMALE SPEAKER: Patrick does.

TRUSTEE WEISBART: Can you state your name, Mr. Yarborough, if you want to appear?

MR. YARBOROUGH: Sure, of course. My name is Patrick Yarborough. I'm here on behalf of judgment creditors, MMWKM Advisors, LLC, and Ken Moraif.

TRUSTEE WEISBART: All right.

FEMALE SPEAKER: Dana?

MS. LIPP: Yes. Sorry. Dana Lipp. I





was the Court-appointed receiver in a district court case against Mr. Dowdall.

TRUSTEE WEISBART: Okay. Are you appearing at this creditors meeting?

MS. LIPP: Yes, I'm appearing for the creditors meeting. Thank you.

TRUSTEE WEISBART: Mr. Dowdall, I'm Mark Weisbart, the trustee.

MR. DOWDALL: Yes, sir.

TRUSTEE WEISBART: And let me swear you in, if you'll raise your right hand.

This meeting has been continued -- or excuse me. Do you swear to tell the truth?

MR. DOWDALL: Yes.

TRUSTEE WEISBART: Okay. This meeting has been continued twice before, but we've actually never conducted the meeting so today we're going to conduct the meeting and hopefully get it concluded.

JOSEPH ANTHONY DOWDALL,

having been first duly sworn, testified as follows:

EXAMINATION

BY TRUSTEE WEISBART:

Q. Mr. Dowdall, let's see. Have you ever





filed bankruptcy before?

A. No.

Q. Did you review your petition, schedules and statement of financial affairs before they were filed?

A. Yes.

Q. Are all of your assets identified in your bankruptcy schedules?

A. Yes.

Q. Are there any changes you need to make to your bankruptcy schedules, your statement of financial affairs or your petition -- bankruptcy petition?

A. No.

Q. Okay. For the record, we have a copy of your driver's license and Social Security card, your '23 tax return. Have you prepared and filed your '24 return?

A. Yes. And actually did that inadvertently and didn't realize the timing of it so I actually have a refund for the '24 tax return that I'm going to have to account for, you know, to apply towards the creditors.

Q. What is the amount of the refund?

A. It's roughly $7,000.




Q. Anything of extraordinary value, say $5,000 or more?
A. No.
Q. All right. You identified, as you said, your wife's bank account or accounts. Did you -- I believe I was told that you signed a separate property agreement with your wife?
A. That's correct.
Q. And is that a copy of -- can I get a copy of that?
MR. PRONSKE: I'm going to send you a copy of it this afternoon.
TRUSTEE WEISBART: Okay. Great. Thanks.
Q. (BY TRUSTEE WEISBART) And when was that executed?
A. I believe in 2022.
Q. And why did you execute that agreement?
A. You know, I was going through the lawsuit and my wife just wanted to make sure that her assets were identified as her assets due to the -- you know, due to the lawsuit. I'll just -- without adding too much hyperbole there. It was a very challenging time. But ultimately she just, like I said, wanted to make sure her assets were




Q. Okay. But nevertheless these monies have been paid since they started -- since they became salary to an account owned by your wife, Layla Dowdall, as a separate property account. Correct?

A. Yes.

Q. Did you answer?

A. I did.

Q. Okay. You said yes?

A. Well, again, it's, you know, a lot of time period here, but my recollection is that that's how they were paid. Okay.

TRUSTEE WEISBART: Let me interrupt here a second. I've got four meetings that started -- that were supposed to start at 1:00 o'clock. It's almost 1:40. What I would like to do is adjourn this until -- for about 20 minutes and take it -- and take it up again at 2:00.

Is that a problem with anyone?

MR. YARBOROUGH: No. You're -- no. That's fine, Mr. Trustee.

TRUSTEE WEISBART: Okay. And how much questioning do you think you have, Mr. Yarborough?

MR. YARBOROUGH: Really I could probably finish in the next three minutes. I'm

me -- let me just break it down because it doesn't have to be a legal question. It could just be a factual one.

So the monthly statements of Layla Dowdall's separate bank accounts under the separate property agreement would show how much she received from WAM. Correct?

A. I (audio cuts out).

Q. And --

MR. PRONSKE: I didn't hear the answer. I just -- it just got blurred out.

MR. DOWDALL: I'm sorry. The answer was I don't know.

MR. PRONSKE: Okay. Sorry.

Q. (BY MR. YARBOROUGH) Okay. So as you sit here today, can you tell the trustee and the creditors present here today whether the separate property agreement addresses the transfer of your income from WAM?

A. I don't know.

Q. Okay. And can you confirm here on the record that you still have a copy of the separate property agreement?

A. Yeah. I can't confirm because I'm not exactly sure if I do or don't.




A. On the schedules that I provided?

Q. No. Just -- do you know if the vehicle that was purchased for your daughter, is that considered community property or your wife's separate property? Is it subject to the separate property agreement, I guess, is what I'm asking?

A. I'm not entirely sure. Based on the timing I would -- because the separate property agreement was -- yeah. I don't know. I'm sorry.

Q. Okay. And then does she have any valuable personal property, jewelry, heirlooms, antiques, collectibles that would be considered subject to the separate property agreement?

A. Not that I'm aware of.

Q. Okay.

TRUSTEE WEISBART: All right. Any other questions?

What I'd like to do is go ahead and conclude the meeting. There are documents that I have not yet seen, some credit card statements and the '24 tax return and the separate property agreement.

Yeah. Just to confirm that you have -- you'll provide me a copy of the separate property agreement.




MR. PRONSKE: Yes.

TRUSTEE WEISBART: Okay. And then -- so I'm going to conclude the meeting, but I'm going to reserve the right to recall the meeting if that's the right word or reset the meeting if there are questions that I have that I can't get answers to, and I don't anticipate that -- don't get me wrong -- related to these documents that we have not seen. Fair enough?

MR. PRONSKE: Yes.

MR. DOWDALL: Thank you.

TRUSTEE WEISBART: Anything else from anybody?

All right. Good. Meeting is concluded then. Thank you.

MS. LIPP: Thank you.

(End of digital recording)





THE STATE OF TEXAS )
COUNTY OF HARRIS )

I, Diana Ramos, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing is a correct transcription from the audio recording provided to me in the above-entitled matter, taken down by me in machine shorthand and later reduced to typewritten form to the best of my ability.

Certified to by me this 30th day of April, 2025.

Diana Ramos

Diana Ramos, CSR
CSR No. 3133, Expires 1-31-2027
LEXITAS
Firm Registration No. 95
13101 Northwest Freeway, Suite 210
Houston, Texas 77040
(281) 469-5580



