IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>JOSEPH ANTHONY DOWDALL<br><br>Debtor | Case No. 24-42950<br>Chapter 7 |

### CREDITOR MMWKM'S REPLY IN SUPPORT OF ITS
### MOTION TO EXTEND TIME TO FILE OBJECTIONS TO DISCHARGE

The purpose of the Bankruptcy Act is to give a "fresh start" to the "honest but unfortunate debtor" whose pre-petition and post-petition behaviors are characterized by good faith and honest actions, and by use of the bankruptcy laws in an appropriate manner and with full disclosures.

That is not what we have here.

During his third and final Meeting of Creditors, Debtor Joseph Anthony Dowdall ("Debtor Dowdall") stated, under oath:

```
10      Q.  Are there any changes you need to make to
11   your bankruptcy schedules, your statement of
12   financial affairs or your petition -- bankruptcy
13   petition?
14      A.  No.
```

Exhibit 1, at 6:10–14 (emphasis added).

Nevertheless, before he took another breath, Debtor Dowdall admitted that he "inadvertently" filed a tax return and received a "refund":

> ```
> 15       Q.   Okay.  For the record, we have a copy of
> 16  your driver's license and Social Security card,
> 17  your '23 tax return.  Have you prepared and filed
> 18  your '24 return?
> 19       A.   Yes.  And actually did that inadvertently
> 20  and didn't realize the timing of it so I actually
> 21  have a refund for the '24 tax return that I'm
> 22  going to have to account for, you know, to apply
> 23  towards the creditors.
> 24       Q.   What is the amount of the refund?
> 25       A.   It's roughly $7,000.
> ```

Exhibit 1, at 6:15–25 (emphasis added).

Not only that, but it is uncontested that Debtor Dowdall's refund was more than he testified, a fact that only came out on May 15, 2025, in Trustee Weisbart filed his "Motion to Approve Compromise and Settlement" with Debtor Dowdall's wife:

> 11.     Following the Petition Date, Debtor received a tax refund in the amount of $7,951.00 for calendar year 2024 (the "Refund").

Exhibit 2, at ¶ 11 (emphasis added).

This was all big news, but arguably, Creditor MMWKM Advisors, LLC (the "Creditor" or "MMWKM") could have divined this from Debtor Dowdall's testimony at the April 4, 2025 Meeting of Creditors. However, it was even worse than MMWKM anticipated. Debtor Dowdall not only "inadvertently" filed a tax return—and received money that the proverbial "honest but unfortunate debtor" would have sent directly to Trustee. Debtor Dowdall did what even most

dishonest debtors would blanche at. He secreted away his tax refund to his wife, a fact so obvious that he allowed Trustee Weisbart to acknowledge it in his settlement:

> WHEREAS, Trustee believes the estate has potential claims against Mrs. Dowdall including claims to the WF Account, the Vehicle and the Refund; and

Exhibit 2, at 8 (emphasis added).

This is not the only brand-new fact disclosed by Debtor Dowdall after the deadline to file objections to discharge under Section 727 of the Bankruptcy Code.

Three weeks later, on May 14, 2025, Debtor Dowdall's attorney disclosed, for the very first time, a "Marital Property Agreement" whose name was never breathed in this case or the underlying case, not even once. Exhibit 3, at 11. However, that is not to say that agreement was never requested, far from it. That agreement—which was expressly drafted by Debtor Dowdall's lawyer, Gerrit Pronske—was requested over, and over, again in the underlying case, and Debtor Dowdall's failure to produce it in response to comprehensive post-judgment discovery requests is why MMWKM did not serve discovery requests in this proceeding.

This Marital Property Agreement is a bombshell too. The main section of that Marital Property Agreement is literally titled "Partition and Exchange of Certain Community Property":

> **PARTITION AND EXCHANGE OF CERTAIN COMMUNITY PROPERTY**

Exhibit 4, at 2 (emphasis added).

In other words, this is right in the middle of the fairway for Section 727 discharge issues. The document goes on to list Debtor Dowdall's property.

The Marital Property Agreement was not known to MMWKM until May 15, 2025, and neither was the fact that Debtor Dowdall converted his "inadvertent" tax refund to his wife.

These facts should have been disclosed in response to Interrogatory 23 in the underlying case, which asks for a description of any "transfers of ownership of any of your assets with a cash value above $1,000.00 on or after July 11, 2021," which surely includes "Partition and Exchange" of the Property, about which the Separate Property Agreement states "one half (1/2) undivided ownership interest" is "$300,000":

> **Interrogatory No. 23:**
>
> State and describe in detail any transfers of ownership of any of your assets with cash value above $1,000.00 on or after July 11, 2021, including the recipients of any such transfers of ownership of any of your assets, including without limitation payment rights or anything under your influence coming from Worth Asset Management, LLC.

Exhibit 5, at 5.

They should also have been disclosed in response to Request for Production 46 in the underlying case, which requests "any other record or document evidencing any ownership to real or personal property":

> **Request for Production No. 46:**
>
> Any other record or document evidencing any ownership to real or personal property or to any debt owed or money had, regardless of date, owned or interest held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

Exhibit 5, at 8.

They should also have been disclosed in response to Request for Production 48 in the underlying case, which asks for "[a]ll documents listing or summarizing property owned by or held by you . . .":

> **Request for Production No. 48:**
>
> All documents listing or summarizing property owned by or held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

Exhibit 5, at 8.

Without guessing the title of the documents involved—recall that Debtor Dowdall himself could not recall correctly during the Meeting of Creditors—it would be impossible to guess more precisely the existence of Debtor Dowdall's Marital Property Agreement or "inadvertently" requested tax refund in Rule 2004 Discovery.

Most egregiously though, is how this document was in Debtor Dowdall's attorney's possession—he wrote it, telltale typos referencing Debtor Dowdall's partner's wife, Natalie Floyd, and all—and he did not produce it in response to this very clear requirement of Judge Hoffman's Receivership Order to produce such documents and records related to Debtor's Property:

> IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED by this Court that Ms. Dana Elise Lipp, Esq., Texas Bar No. 24050935, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034, is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute, TEX. CIV. PRAC. & REM. CODE § 31.002 *et seq.*, with the power and authority to take possession of and sell all leviable property of Judgment Debtor, including, but not limited to the following non-exempt property to the extent that any such non-exempt assets exist: (1) all documents or records, including financial records, that are related to such property that is in the actual or constructive possession or control of the Judgment Debtor; (2) all non-exempt financial accounts (bank

Exhibit 6, at 5 (emphasis added).

After all this, even Debtor Dowdall's lawyer recognizes that there is discovery left to be

done in this case, as he acknowledged on May 15, 2025:

> If there is any document you need or question that you have, please do it formally through discovery so that there are no further misunderstandings or misrepresentations regarding what you have asked for. Thank you.
>
> Gerrit Pronske | Partner
> Spencer Fane LLP
>
> 5700 Granite Parkway, Suite 650 | Plano, TX 75024
> and
> 2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201
> O 972.324.0369 | C 214.762.1100
> gpronske@spencerfane.com | spencerfane.com

Exhibit 4, at 6.

In sum, it is premature to decide whether Debtor Dowdall deserves a discharge, and MMWKM respectfully requests an extension to file a complaint objecting to discharge on or before May 26, 2025. After all, Debtor Dowdall admitted to obtaining a tax refund that he did not notify Trustee Weisbart about, much less turn over, a knowing—and, indeed, fraudulent—failure to report such acquisition of property of the estate. *See* 11 U.S.C. § 727(d)(2); *see also McNally v. Echart*, 374 B.R. 596 (Bankr. E.D. Tex. Sept. 5, 2007) (Judge Bill G. Parker) (in that case, the debtors' discharge was revoked based on their failure to report or turn over a federal income tax refund they received post-petition); *see generally* 2023 PRONSKE'S TEXAS BANKRUPTCY, ANNOTATED at 225–26 (addressing revocations of discharge under Section 727(d) of the Bankruptcy Code).

Respectfully submitted,

*/s/ Patrick Yarborough*
FOSTER YARBOROUGH PLLC
917 Franklin Street, Suite 220
Houston, Texas 77002
713-331-5254 telephone
713-513-5202 facsimile
patrick@fosteryarborough.com

COUNSEL FOR MMWKM ADVISORS, LLC

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing instrument was served on the parties listed on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid no later than the 12th day of May 2025.

                                        */s/ Patrick Yarborough*
                                        Patrick Yarborough