## Exhibit 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: <br><br> JOSEPH ANTHONY DOWDALL <br><br> Debtor | Case No. 24-42950 <br> Chapter 7 |

### MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH DEBTOR, LJ DOWDALL FINANCIAL, LLC, & NON-FILING SPOUSE LEILA DOWDALL

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

COMES NOW, Mark A. Weisbart, Chapter 7 Trustee, and files this *Motion to Approve Compromise and Settlement with Debtor, LJ Dowdall Financial, LLC, & Non-Filing Spouse Leila Dowdall* (the "Motion") pursuant to FED.R.BANKR.P. 9019, seeking approval of a compromise and settlement agreement between the bankruptcy estate, the Debtor, LJ Dowdall Financial, LLC, and Debtor's non-filing spouse Leila Dowdall. In support hereof Trustee would respectfully show the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction to consider the motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is authorized pursuant to FED.R.BANKR.P. 9019.

## Exhibit 2

### II. PROCEDURAL AND FACTUAL BACKGROUND

2. On December 5, 2024 (the "Petition Date"), Joseph Anthony Dowdall ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code in this Court commencing the above-referenced bankruptcy case.

3. Thereafter, Trustee was appointed the Chapter 7 Trustee for the Debtor's bankruptcy estate and has since remained in that capacity.

4. On December 19, 2024, Debtor filed his schedule of assets and liabilities ("Schedules") and statement of financial affairs ("SOFA").

5. Debtor is employed with Worth Asset Management ("Worth").

6. For months prior to bankruptcy, Debtor transferred his monthly compensation from Worth into Mrs. Dowdall's Wells Fargo checking account, # XXXX-7147, which as of the petition date held funds totaling $113,306.08 (the "WF Account").

7. Debtor's non-filing spouse, Leila Dowdall, asserts the WF Account constitutes her separate property and is not subject to recovery by the Trustee in the Bankruptcy Case.

8. Mrs. Dowdall also owns LJ Dowdall Financial, LLC ("Dowdall Financial"). The sole asset of Dowdall Financial is a bank account at Bank of America, Acct#XXXX-1026, with a current balance of $50,518.85 (the "DF Account"). The source of those funds were largely derived from Mr. Dowdall's income. As part of this settlement, Mrs. Dowdall has provided a list of her assets as set forth in the Agreement and has warranted and represented the accuracy of the list, including her interest in Dowdall Financial.

9. The Debtor and Mrs. Dowdall have made certain representations and warranties concerning Mrs. Dowdall's assets and the assets of Dowdall Financial which are contained in the Settlement Agreement.

Case 24-42950 Doc 240 Filed 05/20/25 Entered 05/20/25 08:08:37 Desc Exhibit
Trustee Weisbarts Motion to Approve Compromise and Settlement Page 3 of 11

Exhibit 2

10. Within the two years prior to the Petition Date, the Debtor's and Mrs. Dowdall's living expenses were largely paid through a Capital One credit card, #XXXX-4173 and Debtor has provided copies of such credit card statements to the Trustee except for missing statements from July through November 2023 and for 2024 (the "Missing Capital One Statements").

11. Following the Petition Date, Debtor received a tax refund in the amount of $7,951.00 for calendar year 2024 (the "Refund").

12. Trustee believes the estate has potential claims against Mrs. Dowdall including claims to the WF Account, the Vehicle and the Refund.

13. Trustee believes that the estate has potential claims against Dowdall Financial including claims to the DF Account.

14. The Parties, after engaging in good faith arms' length negotiations, have agreed to compromise and resolve the estate's claims.

### III. SETTLEMENT

15. Trustee has reached an agreement to settle with Debtor, Dowdall Financial, and Mrs. Dowdall. The terms and conditions set forth in the Settlement Agreement are attached hereto as Exhibit "A" and the principal terms of which are as follows:

   a. Within fourteen (14) days after Trustee obtains a final and unappealable order in the Bankruptcy Case approving this Agreement, Debtor shall pay $146,257.08 to the Trustee (the "Settlement Payment"). The Settlement Payment consists of the amount of the Refund ($7,951.00), thirty thousand dollars of the DF Account ($30,000.00), and one hundred eight thousand three hundred six dollars and 8 cents of the WF Account ($108,306.08).

Case 24-42950 Doc 42 Filed 05/20/25 Entered 05/20/25 08:08:37 Desc Exhibit
Trustee Weisbart's Motion to Approve Compromise and Settlement    Page 4 of 11

# Exhibit 2

    b. Trustee shall release and fully discharge the Debtor, Dowdall Financial and Mrs. Dowdall from all claims held by the bankruptcy estate as to the assets identified in Debtor's Schedules, the Vehicle, the WF Account, the DF Account, any discharge allegations, and the Refund, and shall release Mrs. Dowdall from all claims held by the estate against her and Mrs. Dowdall's Property.

    c. The release provided above does not include and specifically excludes the following claims:

        i. claims, if any, to recover or administer property of the Debtor's Estate which is not identified on his Schedules;

        ii. claims, if any, against Worth or its assets, including its book of business; and

        iii. claims, if any, held by the bankruptcy estate to recover prepetition transfers identified in the Missing Capital One Statements.

The terms of the settlement are governed by the Settlement Agreement which is attached hereto as Exhibit "A" and which supersedes any conflicting terms described in this Motion.

## IV. REQUESTED RELIEF WITH SUPPORTING AUTHORITY

16.    FED.R.BANKR.P. 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

17.    Although no specific standards for approval of a compromise and settlement are outlined in either the Bankruptcy Code or the Bankruptcy Rules, guidelines for trial courts in reviewing compromises and settlements in the context of a bankruptcy proceeding were established by the United States Supreme Court in *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968). The Supreme Court found that in evaluating the benefits a compromise and settlement will have for a bankruptcy estate, trial courts must apply several factors. These factors include: (i) the complexity and expense of the

Case 24-42950 Doc 240 Filed 05/20/25 Entered 05/20/25 08:08:37 Desc Exhibit
Trustee Weisbarts Motion to Approve Compromise and Settlement  Page 5 of 11

Exhibit 2

potential litigation; (ii) the delay to the administrator of the estate associated with fully litigating the contested issues; (iii) the probability of success in complete resolution of the issues in dispute; and (iv) the final outcome and the best interest of creditors test. The Fifth Circuit has adopted these same criteria in its decision in *American Can Co. v. Herpel (In re Jackson Brewing Company),* 624 F.2d 605, 607 (5th Cir. 1980). *See also, United States v. Aweco, Inc. (In re Aweco,* Inc.), 725 F.2d 293 (5th Cir. 1984) (court may approve a compromise or settlement only when it is "fair and equitable").

18. It is the business judgment of the Trustee that the settlement set forth above meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco,* and FED.R.BANKR.P. 9019. First, the settlement will eliminate the costs of litigation in pursuit of claims against Debtor, Mrs. Dowdall, and Dowdall Financial. Second, the proposed settlement will alleviate the delay in litigating claims against Debtor, Mrs. Dowdall, and Dowdall Financial. Third, the settlement eliminates the uncertainty of litigation. Trustee believes the proposed settlement is in the best interest of creditors and the Debtor's bankruptcy estate.

19. Consequently, the Trustees request that the Court approve the settlement as set forth above, and authorize all payments contemplated under the settlement.

### V. PRAYER

WHEREFORE, the Trustee respectfully requests that upon notice to all creditors and parties in interest, the Court (i) approve the settlement as outlined herein in all respects; (ii) authorize the Trustee to take all reasonable and necessary actions that are, in the opinion of Trustee, necessary to effectuate the settlement; and (iii) grant the Trustee such other and further relief as this Court deems just and proper

# Exhibit 2

DATED: MAY 15, 2025

Respectfully submitted,

By: /s/ *Wyatt Shirley*
Wyatt Shirley
  Texas State Bar No. 24131665
  WShirley@HaywardFirm.com
  (972) 755-7102
Mark A. Weisbart
  Texas Bar No. 21102650
  (972) 755-7103
  MWeisbart@haywardfirm.com
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, Texas 75231-2203

**COUNSEL FOR CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 III. E. to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid no later than this the 15th day of May 2025.

/s/ *Wyatt Shirley*
Wyatt Shirley

**Exhibit 2**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on May 14, 2025 by, between and among the following (together, the "Parties"): Mark A. Weisbart in his capacity as the Chapter 7 Trustee of the bankruptcy estate of Joseph Anthony Dowdall ("Trustee"), Joseph Anthony Dowdall ("Debtor"), LJ Dowdall Financial, LLC ("Dowdall Financial") and Leila Dowdall ("Mrs. Dowdall").

WHEREAS, on December 5, 2024 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "Bankruptcy Court"), Case No. 24-42950 (the "Bankruptcy Case"); and

WHEREAS, the Trustee is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate in the Bankruptcy Case; and

WHEREAS, Debtor filed his Schedule of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs on December 19, 2024; and

WHEREAS, Debtor is employed with Worth Asset Management ("Worth"); and

WHEREAS, for months prior to bankruptcy, Debtor transferred his monthly compensation from Worth into Mrs. Dowdall's Wells Fargo checking account, # XXXX-7147, which as of the petition date held funds totaling $113,306.08 (the "WF Account");[1] and

WHEREAS, Mrs. Dowdall asserts the WF Account constitutes her separate property and is not subject to recovery by the Trustee in the Bankruptcy Case; and

WHEREAS, other than assets listed on the Schedules, Mrs. Dowdall's warrants and represents that the her only interests in property are the WF Account, Schwab account #XXXX-2976, Wells Fargo Savings account #XXXX-2372, Wells Fargo Venmo account #XXXX-9769, her children's Wells Fargo accounts, a Honda CRV Vin #XXXX-7246 (the "Vehicle"), West Coast Life Insurance policy #XXX-1822, New York Life Insurance policy # XXXX-155, the interest in Dowdall Financial, and other real or personal property not exceeding $50,000.00 in value (collectively "Mrs. Dowdall's Property"); and

WHEREAS, the Debtor and Mrs. Dowdall warrant and represent that Dowdall Financial's sole asset is a bank account at Bank of America, Acct#XXXX-1026, with a current balance of $50,518.85 (the "DF Account"), and the source of those funds were largely derived from Mr. Dowdall's income. As part of this Settlement, Dowdall Financial has agreed to pay the Trustee the sum of thirty thousand dollars ($30,000.00) in exchange for a release by the Trustee; and

WHEREAS, within the two years prior to the Petition Date, the Debtor's and Mrs. Dowdall's living expenses were largely paid through a Capital One credit card, #XXXX-4173 and

---

[1] These funds constituted Debtor's wages and were paid directly from Worth into the Wells Fargo account of Ms. Dowdall.

Settlement Agreement                                                                 Page 1

Exhibit "A"

Exhibit 2

Debtor has provided copies of such credit card statements to the Trustee except for missing statements from July through November 2023 and for 2024 (the "Missing Capital One Statements"); and

WHEREAS, following the Petition Date, Debtor received a tax refund in the amount of $7,951.00 for calendar year 2024 (the "Refund"); and

WHEREAS, Trustee believes the estate has potential claims against Mrs. Dowdall including claims to the WF Account, the Vehicle and the Refund; and

WHEREAS, Trustee believes that the estate has potential claims against Dowdall Financial including claims to the DF Account; and

WHEREAS, the Parties, after engaging in good faith arms' length negotiations, have agreed to compromise and resolve the estate's claims as set forth below.

NOW, THEREFORE, in consideration of the foregoing, the mutual promises, covenants, representations, and conditions contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals**. The recitals above are contractual and are incorporated by reference as though fully set forth herein.

2. **Payment to Trustee**. Within fourteen (14) days after Trustee obtains a final and unappealable order in the Bankruptcy Case approving this Agreement, Debtor shall pay $146,257.08 to the Trustee (the "Settlement Payment"). The check shall be made payable to "Mark A. Weisbart, Trustee".

3. **Effective Date.** The date of mutual execution of this Agreement and delivery of the Settlement Payment is the "Effective Date" for purposes of this Agreement.

4. **Release**. Upon the Effective Date, Trustee shall release and fully discharge the Debtor, Dowdall Financial and Mrs. Dowdall from all claims held by the bankruptcy estate as to the assets identified in Debtor's Schedules, the Vehicle, the WF Account, the DF Account, any discharge allegations, and the Refund, and shall release Mrs. Dowdall from all claims held by the estate against her and Mrs. Dowdall's Property.

5. **Release Exclusions.** The release provided above does not include and specifically excludes the following claims:

    a. Claims, if any, to recover or administer property of the Debtor's Estate which is not identified on his Schedules;
    b. Claims, if any, against Worth or its assets, including its book of business; and
    c. Claims, if any, held by the bankruptcy estate to recover prepetition transfers identified in the Missing Capital One Statements.

Case 24-42950 Doc 240 Filed 05/20/25 Entered 05/20/25 08:08:37 Desc Exhibit
Trustee Weisbarts Motion to Approve Compromise & Settlement    Page 9 of 11

# Exhibit 2

6. **Consent to Jurisdiction**. Each of the Parties hereto consents to the jurisdiction of the Bankruptcy Court to hear and determine any dispute regarding the interpretation and enforcement of this Agreement during the pendency of the Bankruptcy Case.

7. **Reliance**. Each Party represents and warrants to the other that, in entering into this Agreement, they have relied on the representations expressly set forth in this Agreement.

8. **Entire Agreement**. This Agreement constitutes the full, final, and entire agreement and understanding of the Parties with respect to the subject matter hereof, there are no other prior or contemporaneous written or oral agreement, undertakings, promises, representations, warranties, or covenants not contained herein, and any and all prior agreements or representations having been merged herein and superseded hereby.

9. **No Oral Amendment**. This Agreement may be amended only in a subsequent writing signed by each of the Parties hereto. No waiver of any breach or provision hereof shall be binding unless in a writing signed by the waiving Party or Parties. The waiver of any breach or provision hereof shall not be deemed a waiver of any other breach or provision.

10. **Headings**. The headings, caption, and paragraph numbers appearing in this Agreement are for convenience only, are not a substantive part of this Agreement and do not in any way limit, amplify, define, construe or describe he scope or intent of the terms or provisions of this Agreement.

11. **Construction**. This Agreement shall be deemed to have been jointly drafted by the Parties, and any rule that an agreement shall be construed against the drafter shall not apply to this Agreement, All Parties were represented by counsel of their choice in connection I with the drafting of this Agreement.

12. **Successors and Assigns**. This Agreement is binding upon the Parties, their respective successors and assigns, the estate of Joseph Anthony Dowdall, and the Trustee.

13. **Attorney's Fees**. The Parties each shall be responsible for their own attorneys' fees and expenses related to the negotiation, drafting, and execution, of this Agreement. In the event that there is any litigation or arbitration arising out of or related to this Agreement, the prevailing Party shall, in addition to any and all other relief, recover its attorneys' fees and costs.

14. **No Admission**. By execution of this Agreement or otherwise, no Party is admitting that it did anything wrong or improper or that it has any legal liability to any other Party (other than liabilities arising under this Agreement) and no inference of wrong or improper conduct or legal liability shall be drawn against any Party by reason of his or its execution of this Agreement or otherwise.

15. **Intent to be Bound**. Each Party represents and warrants to the other that it has read and understand this agreement; that it has consulted with and had the advice of legal counsel with respect thereto; that this Agreement is executed and delivered as its free and voluntary act; and that it intends to be legally bound thereby.

Case 24-42238 Doc 240 Filed 05/20/25 Entered 05/20/25 08:08:37 Desc Exhibit
Trustee Weisbarts Motion to Approve Compromise of Settlement    Page 10 of 11

# Exhibit 2

16. **Governing Law**. This Agreement shall be governed by the law of the State of Texas without regard to its principles of choice of law or conflicts of law.

17. **Counterparts**. This Agreement may be executed in any number of identical counterparts, any and all of which may contain the signature of less than all the Parties hereto, and all of which may be construed together as a single instrument. A facsimile, pdf, or other electronic signature shall be deemed the same as, and the equivalent of, an original signature.

18. **Authority**. The Parties warrant that they are authorized to enter into this Agreement and that by their signatures below, it will become an agreement immediately binding upon the Defendant and binding upon Plaintiff subject only to the Plaintiff obtaining a final order from the Bankruptcy Court approving the settlement pursuant to Rule 9019 of the Bankruptcy Rules.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date indicated below.

Dated: _May 14, 2025_

_____
Mark A. Weisbart, Chapter 7 Trustee for
Joseph Anthony Dowdall #24-42238

Dated: _5/15/25_

_____
Joseph Anthony Dowdall, Debtor

Dated: _5/15/25_

_____
Leila Dowdall

Dated: _5/15/25_

_____
LJ Dowdall Financial, LLC

Settlement Agreement                                                                              Page 4

Exhibit "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 24-42950<br>Eastern District of Texas<br>Sherman<br>Thu May 15 13:04:49 CDT 2025 | City of Frisco<br>Linebarger Goggan Blair & Sampson, LLP<br>C/O Sherrel K. Knighton<br>3500 Maple Avenue<br>Suite 800<br>DALLAS, TX 75219-3959 | Joseph Anthony Dowdall<br>3347 Overhill Drive<br>Frisco, TX 75033-1110 |
| Melissa S. Hayward<br>Hayward PLLC<br>10501 N. Central Expwy.<br>Suite 106<br>Dallas, TX 75231-2203 | Sherrel K. Knighton<br>Linebarger Goggan Blair & Sampson, LLP<br>3500 Maple Avenue<br>Suite 800<br>Dallas, TX 75219-3959 | Dana Lipp<br>Lipp Legal PLLC<br>2591 Dallas Parkway<br>Suite 300<br>Frisco, TX 75034-8563 |
| Dana E Lipp<br>Lipp Legal PLLC<br>2591 Dallas Parkway<br>Suite 300<br>Frisco, TX 75034-8563 | MMWKM Advisors LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin St., Ste. 220<br>Houston, TX 77002-1741 | MMWKM Advisors, LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin, Suite 220<br>Houston, Texas 77002-1741 |
| Julie Anne Parsons<br>McCreary Veselka Bragg & Allen PC<br>PO Box 1269<br>Round Rock, TX 78680-1269 | Gerrit M. Pronske<br>Spencer Fane LLP<br>5700 Granite Parkway<br>Suite 650<br>Plano, TX 75024-6812 | Wyatt John Shirley<br>Hayward PLLC<br>10501 N Central Expressway, Suite 106<br>Dallas, TX 75231-2203 |
| The County of Denton, Texas<br>McCreary Veselka Bragg & Allen, P.C.<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| (p)MARK A  WEISBART<br>ATTN THE LAW OFFICE OF MARK A WEISBART<br>10501 N CENTRAL EXPY SUITE 106<br>DALLAS TX 75231-2203 | Worth Asset Management<br>16660 Dallas Parkway, Suite 1000<br>Dallas, TX 75248-2653 | Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin Street<br>Suite 220<br>Houston, TX 77002-1741 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Mark A. Weisbart<br>Chapter 7 Bankruptcy Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | (d)Mark A. Weisbart<br>Hayward PLLC<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)MMWKM Advisors, LLC

End of Label Matrix
Mailable recipients    17
Bypassed recipients     1
Total                  18