# Exhibit 3

**From:** patrick@fosteryarborough.com
**Subject:** RE: [EXTERNAL] RE: Demand for correction of intentionally false and misleading statements in your Motion for Extension
**Date:** May 15, 2025 at 6:39:56 PM
**To:** Pronske, Gerrit gpronske@spencerfane.com
**Cc:** Vargas, Luzmarina lvargas@spencerfane.com, mweisbart@haywardfirm.com, dlipp@lipplegal.com, mholmes@haywardfirm.com, Sherrel.Knighton@lgbs.com, jparsons@mvbalaw.com, USTPRegion06.TY.ECF@usdoj.gov, mholmes@haywardfirm.com, wshirley@haywardfirm.com, Mona Lopez mona@fosteryarborough.com

---

Gerrit,

I appreciate the change of tone. It's been a while since you said "thank you." That said, your position that neither I nor Receiver Lipp sent requests covering the Marital Property Agreement is untenable.

The main section of the Marital Property Agreement is literally titled "Partition and Exchange of Certain Community Property":

**PARTITION AND EXCHANGE OF CERTAIN COMMUNITY PROPERTY**

The document then goes on to list the property of the Debtor, documenting its "Partition and Exchange" with Mrs. Dowdall, including the Dowdalls' home, called the "Homestead" and "Property."

The document is also responsive to Interrogatory 23, which asks for a description of any "transfers of ownership of any of your assets with a cash value above $1,000.00 on or after July 11,

# Exhibit 3

2021," which surely includes "Partition and Exchange" of the Property, about which the Separate Property Agreement states "one half (1/2) undivided ownership interest" is "$300,000":

> **Interrogatory No. 23:**
>
> State and describe in detail any transfers of ownership of any of your assets with cash value above $1,000.00 on or after July 11, 2021, including the recipients of any such transfers of ownership of any of your assets, including without limitation payment rights or anything under your influence coming from Worth Asset Management, LLC.

The Marital Property Agreement is also responsive to RFP 46, which requests "any other record or document evidencing any ownership to real or personal property":

> **Request for Production No. 46:**
>
> Any other record or document evidencing any ownership to real or personal property or to any debt owed or money had, regardless of date, owned or interest held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

It is also responsive to RFP 48, which asks for "[a]ll documents listing or summarizing property owned by or held by you . . .":

# Exhibit 3

> **Request for Production No. 48:**
>
> All documents listing or summarizing property owned by or held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

Without guessing the title—which you and Debtor Dowdall himself could not recall correctly during the Meeting of Creditors—I'm not sure how I could have more precisely requested the document in Rule 2004 Discovery.

Most egregiously though, is how this document was in your possession—you wrote it, typos referencing Natalie Floyd and all—and you did not produce it in response to this very clear requirement of Judge Hoffman's Receivership Order to produce such documents and records related to Debtor's Property:

Exhibit 3

> IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED by this Court that Ms. Dana Elise Lipp, Esq., Texas Bar No. 24050935, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034, is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute, TEX. CIV. PRAC. & REM. CODE § 31.002 *et seq.*, with the power and authority to take possession of and sell all leviable property of Judgment Debtor, including, but not limited to the following non-exempt property to the extent that any such non-exempt assets exist: (1) all documents or records, including financial records, that are related to such property that is in the actual or constructive possession or control of the Judgment Debtor; (2) all non-exempt financial accounts (bank

Together, these prompts covered the waterfront, so I had no reason to believe that there was anything else to request through Rule 2004 discovery, particularly when the Debtor's filings are supposed to detail all property of the estate, including cash and tax refunds.

That said, I will consider accepting your invitation to send formal discovery requests in this proceeding, including but not limited to all "Separate Property Agreements," "Marital Property Agreements," the 2024 tax return, the 2024 tax refund, and

# Exhibit 3

documentation of where the 2024 tax refund has been sent and received.

Thank you,
Patrick

**Patrick Yarborough**



**Partner**
**T:** (713) 331-5254 | **F:** (713) 513-5202
**A:** 917 Franklin Street, Suite 220 | Houston, Texas 77002
**E:** patrick@fosteryarborough.com | fosteryarborough.com



**From:** Pronske, Gerrit <gpronske@spencerfane.com>
**Sent:** Thursday, May 15, 2025 5:40 PM
**To:** patrick@fosteryarborough.com
**Cc:** Vargas, Luzmarina <lvargas@spencerfane.com>
**Subject:** RE: [EXTERNAL] RE: Demand for correction of intentionally false and misleading statements in your Motion for Extension

Patrick,

Neither Interrogatory No. 23, 46, 48 and 58 nor the Receiver

## Exhibit 3

Order request any marital property agreements.

If there is any document you need or question that you have, please do it formally through discovery so that there are no further misunderstandings or misrepresentations regarding what you have asked for. Thank you.

**Gerrit Pronske** | Partner
Spencer Fane LLP

5700 Granite Parkway, Suite 650 | Plano, TX 75024
and
2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201
**O** 972.324.0369 | **C** 214.762.1100
gpronske@spencerfane.com | spencerfane.com

---

**From:** patrick@fosteryarborough.com <patrick@fosteryarborough.com>
**Sent:** Thursday, May 15, 2025 1:21 PM
**To:** Pronske, Gerrit <gpronske@spencerfane.com>
**Cc:** Vargas, Luzmarina <lvargas@spencerfane.com>; mweisbart@haywardfirm.com; dlipp@lipplegal.com; mholmes@haywardfirm.com; Sherrel.Knighton@lgbs.com; jparsons@mvbalaw.com; USTPRegion06.TY.ECF@USDOJ.GOV; mholmes@haywardfirm.com; wshirley@haywardfirm.com; 'Mona Lopez' <mona@fosteryarborough.com>
**Subject:** RE: [EXTERNAL] RE: Demand for correction of intentionally false

# Exhibit 3

and misleading statements in your Motion for Extension

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

Gerrit,

So this "Separate Property Agreement" was this Marital Property Agreement? And you drafted it?

I have been asking you for this since at least October 27, 2023, when we served the attached discovery prompts on you as counsel for Joseph Dowdall:

> **Interrogatory No. 23:**
>
> State and describe in detail any transfers of ownership of any of your assets with cash value above $1,000.00 on or after July 11, 2021, including the recipients of any such transfers of ownership of any of your assets, including without limitation payment rights or anything under your influence coming from Worth Asset Management, LLC.

# Exhibit 3

**Request for Production No. 46:**

Any other record or document evidencing any ownership to real or personal property or to any debt owed or money had, regardless of date, owned or interest held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

**Request for Production No. 48:**

All documents listing or summarizing property owned by or held by you or any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust, or any other corporate entity or assumed name in which you currently hold or have held an interest (legal or beneficial) since July 11, 2021.

**Request for Production No. 58:**

All contracts by or between you and Spencer Fane LLP on or before October 5, 2022.

You were also obligated to turn over that document to Receiver Lipp in Judge Hoffman's Order Appointing Receiver (attached):

## Exhibit 3

> IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED by this Court that Ms. Dana Elise Lipp, Esq., Texas Bar No. 24050935, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034, is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute, TEX. CIV. PRAC. & REM. CODE § 31.002 *et seq.*, with the power and authority to take possession of and sell all leviable property of Judgment Debtor, ~~including, but not~~ limited to the following non-exempt ~~property, to the extent that any such non-exempt assets exist:~~ (1) all documents or records, including financial records, that are related to such property that is in the actual or constructive possession or control of the Judgment Debtor; (2) all non-exempt financial accounts (bank

You, on the other hand, told everyone at the Meeting of Creditors that neither the Receiver nor I ever requested this document in discovery:

## Exhibit 3

```
21      Q.  Okay.  All right.  So I want to return to
22  the separate property agreement.  You never
23  produced the separate property agreement to the
24  receiver in the underlying court case.  Correct?
25             MR. PRONSKE:   It was never requested
```

888-893-3767  LEXITAS
www.lexitaslegal.com

341 Creditors Meeting 04-04-25                    Page 52

```
1   by either of you, ever.
```

That was simply not true.

Now where are the documents showing the tax return, tax refund, and destination of the tax refund Mr. Dowdall obtained while this bankruptcy case was pending? And the rest of the documents you produced in the bankruptcy case? You uploaded nothing to the link below.

## Exhibit 3

I'm copying everyone on the service list so everyone is on a level playing field.

**Patrick Yarborough**



**Partner**
**T:** (713) 331-5254 | **F:** (713) 513-5202
**A:** 917 Franklin Street, Suite 220 | Houston, Texas 77002
**E:** patrick@fosteryarborough.com | fosteryarborough.com



---

**From:** Pronske, Gerrit <gpronske@spencerfane.com>
**Sent:** Wednesday, May 14, 2025 10:20 AM
**To:** patrick@fosteryarborough.com
**Cc:** Vargas, Luzmarina <lvargas@spencerfane.com>
**Subject:** RE: [EXTERNAL] RE: Demand for correction of intentionally false and misleading statements in your Motion for Extension

Patrick,

   Attached is the Marital Property Agreement, which you just requested for the first time yesterday, notwithstanding your misrepresentation to the Court.
**Gerrit Pronske** | Partner

# Exhibit 3

Spencer Fane LLP

5700 Granite Parkway, Suite 650 | Plano, TX 75024
and
2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201
**O** 972.324.0369 | **C** 214.762.1100
gpronske@spencerfane.com | spencerfane.com

---

**From:** patrick@fosteryarborough.com <patrick@fosteryarborough.com>
**Sent:** Tuesday, May 13, 2025 3:18 PM
**To:** Pronske, Gerrit <gpronske@spencerfane.com>
**Cc:** Vargas, Luzmarina <lvargas@spencerfane.com>; dlipp@lipplegal.com; mweisbart@haywardfirm.com; mholmes@haywardfirm.com; Sherrel.Knighton@lgbs.com; jparsons@mvbalaw.com; USTPRegion06.TY.ECF@USDOJ.GOV; mholmes@haywardfirm.com; wshirley@haywardfirm.com
**Subject:** [EXTERNAL] RE: Demand for correction of intentionally false and misleading statements in your Motion for Extension

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

Gerrit,

First, my attached email obviously asks for the separate property

Case 24-42950 Doc 42-3 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
Creditor MMWKMs Attorneys Emails with Debtor Dowdalls Page 13 of 18

Exhibit 3

agreement, which you ignored until just now. You also left us off your emails about it with Trustee Weisbart.

Will you please produce the "separate property agreement" to us now?

The point there is that Debtor Dowdall withheld critical documents from the Trustee, Receiver Lipp, and Creditor MMWKM until **after** the third continuation of the Meeting of Creditors. Not only did he withhold the separate property agreement, he had not even produced his 2024 tax return. Withholding documents like this, and running out the clock, cannot be a viable strategy. Indeed, the separate property agreement should have been produced to Receiver Lipp over a year ago in the underlying case under the attached receivership order. Instead, you are admitting now that you did not produce it to MMWKM, even though we questioned Debtor Dowdall about it on April 4th and expressed surprise that it was not produced in the underlying case. Your client even refused to

Second, as for the status of the tax return and refund your client kept to himself *through the final Meeting of Creditors*, I cited the

Exhibit 3

*McNally* case for the proposition that withholding tax returns and refunds is cause for revocation of discharge under Section 727(d)(2) of the Bankruptcy Code, and as such, withholding such until the last minute like Debtor Dowdall did here requires extending the deadline for objecting to discharge under FRBP 4004(b)(2). It's not even clear from your message below that Debtor Dowdall has turned over the return and refund yet; you only claim Debtor Dowdall "agreed in writing" to do so. Has he done so? Surely, you are not suggesting that an item that—when not disclosed—justifies withdrawal of a discharge can be withheld until after discharge? Regardless, I ask that you produce the 2024 tax return, any check or other documentation of payment of the refund, and any documentation of where the funds went.

I am copying all interested parties listed on the electronic service list as of yesterday, May 12, 2025. I ask that you do the same for all future emails producing documents and turning over property, as these matters bear on the issues to be decided by the Court. As for any other evidence produced to other parties but not MMWKM to date, I ask that you upload them to this password-protected link:


Confidential

## Exhibit 3

Regards,
Patrick Yarborough
Counsel for Creditor
MMWKM Advisors, LLC
E.D. Tex. Bankr. Case No. 24-42950

**Patrick Yarborough**



**Partner**
**T:** (713) 331-5254 | **F:** (713) 513-5202
**A:** 917 Franklin Street, Suite 220 | Houston, Texas 77002
**E:** patrick@fosteryarborough.com | fosteryarborough.com

---

**From:** Pronske, Gerrit <gpronske@spencerfane.com>
**Sent:** Tuesday, May 13, 2025 12:42 PM
**To:** Patrick Yarborough <patrick@fosteryarborough.com>
**Cc:** Vargas, Luzmarina <lvargas@spencerfane.com>
**Subject:** Demand for correction of intentionally false and misleading statements in your Motion for Extension

Patrick,

## Exhibit 3

The following statement in your Motion to Extend is blatantly dishonest:

> "Five days after receiving the transcript of the Meeting of Creditors that confirmed these facts,1 on May 5, 2025***, the undersigned requested of Debtor Dowdall's counsel a copy of the "separate property agreement,"*** but as of the time of this filing, Debtor Dowdall has ignored that request."

***You have never requested production of the Agreement."***
The only person who asked for a copy of the Agreement was the Bankruptcy Trustee, to whom the Agreement was timely produced. The Transcript of the 341 Meeting on April 4 shows that the Bankruptcy Trustee, ***not you***, says "[C]an I get a copy of that [Agreement]? Your May 5 correspondence does not request a copy of the agreement. Your May 5 correspondence asks:

> "***Have you even produced*** the "Separate Property Agreement" we learned about for the first time at the April 4th Meeting of Creditors?"

# Exhibit 3

The answer to that question is that on April 4 I sent and email to the Bankruptcy Trustee saying the following:

> "The signed Marital Property Agreement is in paper form at my office and I am working from home today, so I will get it to you on Monday." - To which the Trustee responded on April 5 "Sounds good."

The Agreement was produced to the Trustee on April 8. The Trustee is the only person that has ever requested it. You asked Mr. Dowdall a number of questions beginning Page 9 of the Transcript, which questions were solely about the Agreement, but **you never asked for a copy of the Agreement, as you misrepresent**. So your statement above that the Agreement was not produced is blatantly false and intentionally misleading, and I hereby demand that you amend your Motion to remove that false sentence. Further, I request that if you believe you have ever asked for this document to be produced to you, that you immediately provide me with a copy of that request. I know that you have never requested it, as you misrepresent in you Motion filed today. I will be pointing out that dishonest statement in my Response unless you immediately provide me with a copy of that request or amend your Motion to state the truth.

# Exhibit 3

      Your Motion also dishonestly cites to a case where the Debtor failed to report and turnover a tax refund post-petitions, but **fails to disclose that Mr. Dowdall agreed in the 341 Meeting on Page 6 of the Transcript to turn the tax refund over the Bankruptcy Trustee, and that he has agreed with the Trustee in writing to do so**. I demand that this section of your Motion also be eliminated or corrected to state the truth.

**Gerrit Pronske** | Partner
Spencer Fane LLP

—

5700 Granite Parkway, Suite 650 | Plano, TX 75024
and
2200 Ross Avenue, Suite 4800 West | Dallas, TX 75201
**O** 972.324.0369 | **C** 214.762.1100
gpronske@spencerfane.com | spencerfane.com