Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit April 5 2024 Order Appointing Receiver Dana E. Lipp J.D. C.P.A. Page 1 of 11

Exhibit 6

CAUSE NO. DC-23-03337

| | | |
|---|---|---|
| JOSEPH DOWDALL | § § | IN THE 68ᵀᴴ JUDICIAL |
| *Plaintiff – Arbitration Respondent – Judgment Debtor,* | § § § | |
| | § | DISTRICT COURT |
| v. | § § | |
| | § | |
| MMWKM ADVISORS, LLC and KEN MORAIF | § § § | |
| *Defendants – Arbitration Claimants – Judgment Creditors.* | § § | DALLAS COUNTY, TEXAS |

## ORDER APPOINTING RECEIVER DANA E. LIPP, J.D., C.P.A.

CAME ON to be heard the Motion for Post-Judgment Receivership of Defendant – Arbitration Claimant – Judgment Creditor MMWKM Advisors, LLC ("Judgment Creditor"); whereupon, the Court, after a review of the papers herein on file, the Exhibits submitted by Judgment Creditor and agreed to be admitted by Judgment Debtor, and the argument of counsel, became of the opinion that a Receiver should be appointed to take possession of and sell the non-exempt, leviable assets of Joseph Dowdall ("Judgment Debtor").

Based on the pleadings, the evidence and the argument of counsel, the Court finds that the Judgment Debtor ~~may own non-exempt property, which the Court will have to conduct a separate hearing on, relating to~~ owns non-exempt property, including *but not limited to $1,291.58 cash, set forth on the check made out to the Denton County Constable and sent via FedEx to Judgment Creditors' Counsel Patrick Yarborough, see Exhibit 2, which has been acknowledged as property subject to turnover by Mr. Dowdall's attorney of record, any past, present, and future payments or rights to payments under* the March 12, 2021 Investment Advisor Representative Agreement or the August 4, 2023 Investment Advisor Representative

Agreement by and between Worth Asset Management, LLC ("WAM") and Judgment Debtor, and that there exists an unpaid final judgment against him. Notwithstanding any contrary language herein, this order does not compel turnover of Judgment Debtor's homestead or other exempt property.

THE COURT FURTHER FINDS that the August 4, 2023 Investment Advisor Representative Agreement, submitted and admitted by agreement of counsel in this case on as Exhibit 4, provides that the fees paid to Mr. Dowdall thereunder are to be 79% of the fees based on the variable amount of fees to be paid by WAM, as distinguished from employment income in the form of a fixed salary or wages paid at an hourly rate that would be exempt from collection. The August 4, 2023 Investment Advisor Representative Agreement (Exhibit 4) contains only one salient difference from the March 12, 2021 Investment Advisor Representative Agreement (Exhibit 3) that was considered and named in the Court's Amended Order for Turnover: the former (Exhibit 4) labeled Mr. Dowdall an "employee" instead of an "independent contractor" as he had been labeled in the latter (Exhibit 3).

In other words, the economic substance of the relationship between Debtor Dowdall and WAM did not change, as the fees Mr. Dowdall received were still not paid for work performed such as a "wage" would be; on the contrary, they are only "considered earned only when fees are received by the customer, broker-dealer or custodian." *Compare* Exhibit 3, at 6 ("Fees shall be considered earned only when fees are received by WAM from the customer, broker-dealer or custodian.") *with* Exhibit 4, at 6 (verbatim language). And those fees are still calculated as a percentage "on the gross fees collected by WAM from IAR's customers." *Compare* Exhibit 3, at 10 ("Fee payable to the IAR will be 80% on the gross fees collected by WAM from IAR's

Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
April 5, 2024 Order Appointing Receiver Dana E. Lipp, J.D., C.P.A. Page 3 of 11

Exhibit 5

customers.") *with* Exhibit 4, at 10 ("Fee payable to the IAR will be 79% on the gross fees collected by WAM from IAR's customers.").

The Texas Property Code prohibits subterfuge like this. The Texas Property Code provides:

> If a person uses the property not exempt under this chapter to acquire, obtain an interest in, make improvement to, or pay an indebtedness on personal property which would be exempt under this chapter with the intent to defraud, delay, or hinder an interested person from obtaining that to which the interested person is or may be entitled, the property, interest, or improvement acquired is not exempt from seizure for the satisfaction of liabilities.

TEX. PROP. CODE § 42.004.

As a commentator has put it, "A debtor may not with the intent to defraud, hinder or delay his creditors convert nonexempt personal property into exempt personal property." 2 TEX. PRAC. GUIDE CREDITORS RTS. § 11:21 (*citing* TEX. PROP. CODE § 42.004(a), *In re Swift*, 124 B.R. 475 (Bankr. W.D. Tex. 1991) (nonexempt asset placed in an exempt IRA eight days before filing bankruptcy was not exempt), and *Leibman v. Grand*, 981 S.W.2d 426 (Tex. App. El Paso 1998, no writ) (affirming order to turn over annuity funds) (after judgment was entered against judgment debtor, he used nonexempt assets to purchase annuity with intent to defraud judgment creditor).

What Debtor Dowdall attempted to do here—transmogrify himself into an "employee" and, thus, his fees into "wages" without the underlying economic relationship changing in the slightest (i.e. with no change to the non-guaranteed, contingent nature of his fees, as compared to a fixed salary or wage rate)—is no better than if relabeled the fees "annuity" payments like the judgment debtor in the *Liebman* case; the recharacterization is nothing more than re-labeling of the recipient of non-exempt fees to avoid paying creditors.

The "term 'wages for personal service' [under Chapter 42 of the Property Code] excludes compensation due to an independent contractor as such." *Campbell v. Stucki*, 220 S.W.3d 562,

Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
April 5 2024 Order Appointing Receiver Dana E. Lipp J.D. C.P.A. Page 4 of 11

Exhibit 5

567 (Tex. App.—Tyler 2007, no pet.). Contingent commissions based on fees received from independent services are generally held to be non-exempt. *See Pamplin v. Stephenson, Tr. of Coffee Time, Inc. 401k (PSP)*, No. 04-21-00208-CV, 2023 WL 2666868, at *4 (Tex. App.—San Antonio Mar. 29, 2023, no pet.) ("[W]here no employer-employee relationship exists, such as where an independent contractor receives sales commissions, the compensation is not exempt from seizure.") (emphasis added).[1]

Under Texas law, the "test for determining whether a worker is an employee or independent contractor is the 'right to control' the manner and means by which a person performs his services." *Karlseng v. Wells Fargo, N.A.*, 2014 WL 7232734 at *2 (Tex. App.—Dallas Dec. 19, 2014, pet. denied). Under the Texas Supreme Court's *Limestone* factors followed by the Dallas Court of Appeals, "Courts measure the right to control by considering (1) the independent nature of the worker's business, (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job, (3) the worker's right to control the progress of the work except about final results, (4) the time for which the worker is employed, and (5) the method of payment, whether by unit of time or by the job." *Id.* (citing *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002)).[2]

Judgment Debtor Dowdall has not met his burden to establish that the fees he receives under the August 4, 2023 Investment Advisor Representative Agreement are anything but non-exempt fees just like the virtually identical fees he received under the March 12, 2021

---

[1] *See, e.g., In re Perciavalle*, 92 B.R. 688, 691 (Bankr. W.D. Tex. 1988) (holding that an insurance agent's "insurance renewal commissions are not wages for current services" because the "time, place, and basic manner for selling the policies were left entirely up to" the agent); *Pitts v. Dallas Nurseries Garden Ctr., Inc.*, 545 S.W.2d 34, 36 (Tex. App.—Texarkana 1976, no writ) ("We conclude that the funds garnished were commissions subject to garnishment and were not wages for personal services and that such commissions were not exempt from garnishment.").

[2] *Karlseng*, 2014 WL 7232734 at *2 ("Examples of the type of control normally exercised by an employer include (1) when and where to begin and stop work, (2) the regularity of hours, (3) the amount of time spent on particular aspects of the work, (4) the tools and appliances used to perform the work, and (5) the physical method or manner of accomplishing the end result.") (citing *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278–79 (Tex. 1990)).

Investment Advisor Representative Agreement. Judgment Debtor Dowdall presented no evidence of a fixed salary, fixed wage rate, or any other indicia that he was paid non-exempt "wages" as he asserts.

IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED by this Court that Ms. Dana Elise Lipp, Esq., Texas Bar No. 24050935, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034, is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute, TEX. CIV. PRAC. & REM. CODE § 31.002 *et seq.*, with the power and authority to take possession of and sell all leviable property of Judgment Debtor, including, but not limited to the following non-exempt property, to the extent that any such non-exempt assets exist: (1) all documents or records, including financial records, that are related to such property that is in the actual or constructive possession or control of the Judgment Debtor; (2) all non-exempt financial accounts (bank accounts), certificates of deposit, money-market accounts, accounts owned by the Judgment Debtor; (3) all non-exempt securities not held in retirement accounts; (4) all non-exempt real property, equipment, vehicles, boats, and planes of the Judgment Debtor; (5) all safety deposit boxes or vaults of the Judgment Debtor; (6) all cash of the Judgment Debtor; (7) all negotiable instruments, including promissory notes, drafts, and checks of the Judgment Debtor; (8) all causes of action or choses of action of the Judgment Debtor; (9) all contract rights, whether present or future, of the Judgment Debtor, including Judgment Debtor's contract rights to payment of fees calculated as a percentage of fees received based on assets of his clients at Worth Asset Management, LLC to the extent that such income is non-exempt fees and is not exempt wages; and (10) all accounts receivable; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

Judgment Debtor is **ORDERED** to turnover to the Receiver within ten (10) days from the Judgment Debtor's receipt of a copy of this Order, as provided in section 31.002 of :1) the Texas Practice and Remedies Code, (1) "documents listed below, together with all documents and financial records related to" such non-exempt property, if any, belonging to which may be requested by the Receiver; 2) all checks, cash, securities (stocks and bonds) not held in retirement accounts, promissory notes, documents of title, and contracts owned by or in the name of the Judgment Debtor:



> Any and all records, as hereinafter described, concerning affairs of the Judgment Debtors; unless otherwise noted, for the period January 1, 2020 through the present:
>
> 1. Monthly statements for every financial institution account in which Joseph Dowdall has been a signatory or owner since January 1, 2020;
>
> 2. Cancelled checks and wire transfers for every financial institution account in which Joseph Dowdall has been a signatory or owner since January 1, 2020;
>
> 3. Copies of the articles of incorporation, Secretary of State charters, operating agreements, membership agreements, and all documents of creation and ownership of any limited liability company, professional corporation, corporation, general partnership, limited partnership, trust or any other corporate entity Joseph Dowdall currently holds or has held an interest since January 1, 2020;
>
> 4. Federal income and state franchise tax returns for Joseph Dowdall;
>
> 5. All motor vehicle Certificates of Title owned or leased by Joseph Dowdall;
>
> 6. Stock certificates and bonds owned by Joseph Dowdall that are not held in a retirement account;
>
> 7. Promissory notes owned by Joseph Dowdall;
>
> 8. Bills of sale owned by Joseph Dowdall;
>
> 9. Real property deeds and deeds of trust (regardless of date), owned or interest held by Joseph Dowdall;

Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
April 5 2024 Order Appointing Receiver Dana E. Lipp J.D. C.P.A. Page 7 of 11

Exhibit 6

10. Business journals, ledgers, accounts payable and receivable files belonging to Joseph Dowdall;

11. Pledges, security agreements and copies of financial statements owned by Joseph Dowdall;

12. State sales tax reports filed by Joseph Dowdall;

13. Any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date) owned or interest held by Joseph Dowdall;

14. All personal property returns filed with any taxing authority, including but not limited to any Central Appraisal District, filed by Joseph Dowdall;

15. All documents listing or summarizing property owned by or held by Joseph Dowdall;

16. All documents evidencing or relating to Mr. Dowdall's Texas Department of Insurance License(s), including renewal documents, and appointments, including but not limited to Joseph Dowdall's appointment by New Era Life Insurance Company; and

17. Credit applications and other documents stating Joseph Dowdall's financial condition since January 1, 2020.

Judgment Debtor, Joseph Dowdall, is **ORDERED** to identify and turn over to the receiver all interests of the Judgment Debtor in any business or venture against which a judgment creditor may properly levy against such a business (as opposed to obtaining a charging order), including limited liability companies and limited partnerships, and all agreements, stock certificates and other documents pertaining to the Judgment Debtor's ownership in such a business or venture. Judgment Debtor is **ORDERED** to continue, until the Judgment in this cause is fully paid, to turnover to the Receiver at the Receiver's address all non-exempt checks, negotiable instruments, cryptocurrencies, non-fungible tokens ("NFTs"), cash, securities, promissory notes, documents of title, and contracts and fees and commissions paid pursuant to contracts (including but not limited to all past, present, and future Investment Advisor Representative Agreements ("IAR Agreements") with Worth Asset Management, LLC, such as,

for example, the IAR Agreements dated March 12, 2021 and August 4, 2023, and all past, present, and future contracts, agreements, or other sources of commission terms with insurance companies, such as New Era Life Insurance Company) within three (3) days from the Judgment Debtor's receipt and possession of such property, if, as and when Judgment Debtor becomes in receipt and possession of any such property. Current wages (defined as pay received as a salary or wages paid at a fixed rate that does not formulaically vary based on fees received by WAM or any other payor of Judgment Debtor) are exempt from this order. Paychecks for genuine current wages are exempt from this order.

Judgment Debtor is further ordered to serve a report on the Receiver via email at dlipp@lipplegal.com within five days of every January 1, April 1, July 1, October 1 until July 1, 2033 or the July 11, 2023 Final Judgment has been fully satisfied, whichever occurs first, with the following information:

1. The amount paid toward the Final Judgment;
2. The balance due on the Final Judgment;
3. The value and dates of all payments made or property turned over to the Receiver since the last report; and
4. The value and dates of all non-exempt payments received by the Judgment Debtor since the last report.

In light of the failure of Judgment Debtor to pay the judgment, the Receiver is authorized to provide notice of this order, or any discovery requests, or any other document or motion, to Judgment Debtor, by delivering such notice and order and discovery requests in all of the following manners: (1) to the Judgment Debtor's home address at by first-class U.S. Mail,

Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
April 5 2024 Order Appointing Receiver Dana E. Lipp J.D. C.P.A. Page 9 of 11

Exhibit 6

without requiring signature or restricted delivery; (2) to Judgment Debtor's attorney, by fax, U.S. Mail or email, unless he or she indicates that he or she no longer represent the Judgment Debtor, and (3) by email to the Judgment Debtor's email address.

In addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority and powers with respect to the Judgment Debtor's property, to: 1) collect all accounts receivable of Judgment Debtor and all rents due to the Judgment Debtor from any tenant; 2) to change locks to all premises (except the Judgment Debtor's Residence) at which any nonexempt property is situated; 3) endorse and cash all checks and negotiable instruments payable to the Judgment Debtor, except for current wages; 4) hire a real estate broker to sell any non-exempt real property and mineral interest belonging to the Judgment Debtor; 5) hire any person or company to move and store the non-exempt property of the Judgment Debtor; 6) (but not the obligation) to insure any property belonging to the Judgment Debtor; 7) obtain from any financial institution, bank, credit union, credit bureau, savings and loan, title company, or any other third party, any financial records belonging to or pertaining to the Judgment Debtor; 8) obtain from any Texas state agency or official, Texas county agency or official, or Texas municipality or official, any government records belonging to or pertaining to the Judgment Debtor, including financial and personal identifying information; 9) hire any person or company necessary to accomplish any right or power under this Order; 10) take all action necessary to gain access to all storage facilities, safety-deposit boxes, non-exempt real property, and non-exempt leased premises wherein any nonexempt property of the Judgment Debtor may be situated, and to review and obtain copies of all documents related to same; 11) file any lawsuit necessary to seize or recover any nonexempt assets from any third parties who have acquired possession or control.; (12) direct Worth Asset Management, LLC and New Era Life Insurance

Case 24-42950 Doc 42-6 Filed 05/20/25 Entered 05/20/25 08:28:27 Desc Exhibit
April 5 2024 Order Appointing Receiver Dana E. Lipp J.D. C.P.A. Page 10 of 11

Exhibit 6

<u>Company (and any other party with whom Mr. Dowdall or any entity he controls has any contractual rights to payments of fees, commissions, or other types of payments) to deliver to Receiver all past, present, and future records of payments to Mr. Dowdall under the Investment Advisor Representative Agreements by and between Worth Asset Management, LLC and Mr. Dowdall dated March 12, 2021 and August 4, 2023, and such other payment records related to the same as Receiver shall request, as well as any and all past, present, and future records of payments to Mr. Dowdall pursuant to any other contract, agreements, or other sources of terms of payment; and (13) direct Worth Asset Management, LLC and New Era Life Insurance Company (and any other party with whom Mr. Dowdall or any entity he controls has any contractual rights to payments) to timely direct and make all future payments owed to Mr. Dowdall under all past, present, and future Investment Advisor Representative Agreements when due under the terms of the IAR Agreements, directly to Receiver.</u>

In addition, the Receiver shall have the authority to cooperate with and provide assistance to, as he deems best, to any law enforcement officer, official or grand jury to provide information or documents pertaining to any possible criminal act committed by Joseph Dowdall.

Receiver is authorized to obtain all non-exempt bank accounts and records and invest accounts and records ~~held~~<u>owned</u> by Joseph Dowdall from any financial institution.

Any Sheriff or Constable, and their deputies, and any other peace officer, are hereby directed and ordered to assist the Receiver in carrying out her duties and exercising her powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the non-exempt property of the Judgment Debtor, without the necessity of a Writ of Execution. The Receiver is also authorized to direct any Constable or Sheriff to seize and sell non-exempt property under the Writ of Execution issued by this Court on September 13, 2022.

Case 24-42950  Doc 42-6  Filed 05/20/25  Entered 05/20/25 08:28:27  Desc Exhibit
April 5 2024 Order Appointing Receiver Dana E. Lipp  J.D.  C.P.A.  Page 11 of 11

Exhibit 6

The Court authorizes and orders any Sheriff or Constable, and their deputies, and any other peace officer, to break and open any locks or gates erected by the Judgment Debtor, except to his residence, as necessary to assist the Receiver and carry out this order.

In light of the circumstances of this case, the Court sets the bond at $1,000.00, which shall be deposited into the Court's registry.

The Receiver's fee is twenty-five percent (25%) of all gross proceeds coming into her possession, not to exceed twenty-five percent of the balance due on the judgment, plus any out-of-pocket expenses incurred by the Receiver in her scope as a receiver in this case. The Court finds this a fair, reasonable and necessary fee for the Receiver and the Receiver is further directed and authorized to pay Judgment Creditors' attorney as Trustee for the Creditors the remaining seventy-five percent (75%) of all proceeds coming into Receiver's possession, with adjustment for Receiver's expenses as necessary. All Receiver's fees will be taxed as costs against the Debtor, which means that the Receiver is authorized to seek and recover 133% of the judgment plus expenses. All payments made by the Receiver to the Judgment Creditor shall be applied to the Judgment as a credit towards the balance of the Judgment.

The Receiver is further ordered to take the oath of her office.

SIGNED _April 5, 2024_

HON. JUDGE MARTIN HOFFMAN
68th Judicial District Court
Dallas County, Texas