IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE: | |
|---|---|
| JOSEPH ANTHONY DOWDALL | Case No. 24-42950<br>Chapter 7 |
| Debtor | |

### TRUSTEE'S MOTION TO APPROVE SALE OF PERSONAL PROPERTY RIGHTS

YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU **MUST** FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

COMES NOW, Mark A. Weisbart ("Trustee"), in his capacity as the duly appointed and acting Chapter 7 Trustee for the estate of Joseph Anthony Dowdall, files this *Motion to Approve Sale of Personal Property Rights* (the "Motion") seeking authority to sell certain rights in or unscheduled assets pursuant to 11 U.S.C. § 363 and FED.R.BANKR.P. 6004(c). In support of this request, the Trustee would show the Court as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. FACTUAL AND PROCEDURAL BACKGROUND

2. On December 5, 2024 ("Petition Date") Joseph Anthony Dowdall ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code")

commencing the above-referenced bankruptcy proceeding. Movant is the Chapter 7 Trustee appointed in this case.

3. On December 19, 2024, Debtor filed his Schedules and Statement of Financial Affairs. Debtor is a certified financial planner who, as of the Petition Date, was employed by Worth Asset Management.

4. The principal creditor in this case is MMWKM Advisors, LLC ("MMWKM") which has filed a proof of claim in the case in the amount of $3,877,695.90.

5. MMWKM has made an offer to purchase the following assets from the estate for $12,500.00:

a) Rights to payment, if any, from clients of the Debtor as of the Petition Date;

b) Client or investor lists, if any, held by the Debtor as of the Petition Date; and

c) Rights to solicit financial services business from clients of the Debtor as of the Petition Date, if any.

(collectively the "Assets").

6. Debtor has not identified the Assets in his Schedule of Assets and Liabilities.

### III. RELIEF REQUESTED

7. Through this Motion, Trustee, pursuant to Bankruptcy Code § 363, and Rules 2002, 6004 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requests that the Court approve the sale of the Assets to MMWKM for $12,500.00.

8. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). "A sale of assets under § 363, as implemented by rule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons." *Cadle Company v. Mims (In re*

*Moore)*, 608 F.3d 253, 263 (5th Cir. 2010). In reviewing a proposed sale of assets, a bankruptcy court should give deference to the business judgment of a debtor in possession when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n.2 (Bankr. E.D. Pa. 1987).

9. Trustee has determined, in the sound exercise of his business judgment, that selling whatever rights, if any, the estate has in the Assets is beneficial to the Debtor's estate and creditors. The sale will generate additional funds to distribute to claimants. The sale shall be "as is, where is" without any warranties or representations of the bankruptcy estate.

10. A waiver of the 14-day stay of Bankruptcy Rules 6004(h) is requested in order to allow the Trustee to immediately sell the Assets to MMWKM upon the Court's approval.

## IV. PRAYER

WHEREFORE Mark A. Weisbart, Chapter 7 Trustee, respectfully requests that the Court enter an Order (i) approving the sale of the Assets to MMWKM pursuant to 11 U.S.C. § 363, (ii) waiving the stay requirements of Bankruptcy Rule 6004(d), and (iii) granting him such other and further relief to which he is justly entitled.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, TX 75231
(972) 755-7103 Phone/Fax
mweisbart@haywardfirm.com
COUNSEL FOR CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served on the parties listed on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, this the 13th day of January 2026.

/s/ Mark A. Weisbart
Mark A. Weisbart

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 24-42950<br>Eastern District of Texas<br>Sherman<br>Tue Jan 13 12:46:37 CST 2026 | City of Frisco<br>Linebarger Goggan Blair & Sampson, LLP<br>C/O Sherrel K. Knighton<br>3500 Maple Avenue<br>Suite 800<br>DALLAS, TX 75219-3959 | Joseph Anthony Dowdall<br>3347 Overhill Drive<br>Frisco, TX 75033-1110 |
| Melissa S. Hayward<br>Hayward PLLC<br>10501 N. Central Expwy.<br>Suite 106<br>Dallas, TX 75231-2203 | Sherrel K. Knighton<br>Linebarger Goggan Blair & Sampson, LLP<br>3500 Maple Avenue<br>Suite 800<br>Dallas, TX 75219-3959 | Dana Lipp<br>Lipp Legal PLLC<br>2591 Dallas Parkway<br>Suite 300<br>Frisco, TX 75034-8563 |
| Dana E Lipp<br>Lipp Legal PLLC<br>2591 Dallas Parkway<br>Suite 300<br>Frisco, TX 75034-8563 | MMWKM Advisors LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin St., Ste. 220<br>Houston, TX 77002-1741 | MMWKM Advisors, LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin, Suite 220<br>Houston, Texas 77002-1741 |
| Julie Anne Parsons<br>McCreary Veselka Bragg & Allen PC<br>PO Box 1269<br>Round Rock, TX 78680-1269 | Gerrit M. Pronske<br>Spencer Fane LLP<br>5700 Granite Parkway<br>Suite 650<br>Plano, TX 75024-6812 | Wyatt John Shirley<br>Hayward PLLC<br>10501 N Central Expressway, Suite 106<br>Dallas, TX 75231-2203 |
| The County of Denton, Texas<br>McCreary Veselka Bragg & Allen, P.C.<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| (p)MARK A  WEISBART<br>ATTN THE LAW OFFICE OF MARK A WEISBART<br>10501 N CENTRAL EXPY SUITE 106<br>DALLAS TX 75231-2203 | Worth Asset Management<br>16660 Dallas Parkway, Suite 1000<br>Dallas, TX 75248-2653 | Patrick Yarborough<br>Foster Yarborough PLLC<br>440 Louisiana Street<br>Suite 1800<br>Houston, TX 77002-1064 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Mark A. Weisbart<br>Chapter 7 Bankruptcy Trustee<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 | (d)Mark A. Weisbart<br>Hayward PLLC<br>10501 N Central Expy Suite 106<br>Dallas, TX 75231-2203 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)MMWKM Advisors, LLC | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     1<br>Total                   18 |