**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: JOSEPH ANTHONY DOWDALL | § | Case No. 24-42950-BR |
| | § | |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 12/05/2024. The undersigned trustee was appointed on 12/05/2024.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of $ 146,257.08

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 23,585.92 |
| Bank service fees | 2,211.86 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemption paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1] | $ 120,459.30 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

6. The deadline for filing non-governmental claims in this case was 07/21/2025 and the deadline for filing governmental claims was 11/10/2025. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $10,562.85. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $10,562.85, for a total compensation of $10,562.85.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $1,004.82, for total expenses of $1,004.82.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/22/2026 By: /s/ Mark A. Weisbart
Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

**Case Number:** 24-42950 BR
**Case Name:** JOSEPH ANTHONY DOWDALL

**Period Ending:** 09/22/26

**Trustee:** Mark A. Weisbart
**Filed (f) or Converted (c):** 12/05/24 (f)
**§341(a) Meeting Date:** 01/24/25
**Claims Bar Date:** 07/21/25

| Ref # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) Abandon | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 3347 Overhill Drive Frisco TX | 355,500.00 | 0.00 | | 0.00 | FA |
| 2 | Ford Explorer 2020 | 13,000.00 | 0.00 | | 0.00 | FA |
| 3 | Tesla Y 2021 | 13,500.00 | 0.00 | | 0.00 | FA |
| 4 | Household Goods | 5,000.00 | 0.00 | | 0.00 | FA |
| 5 | Electronics | 1,000.00 | 0.00 | | 0.00 | FA |
| 6 | Golf Clubs | 1,000.00 | 0.00 | | 0.00 | FA |
| 7 | Wearing apparel | 2,000.00 | 0.00 | | 0.00 | FA |
| 8 | Jewelry | 100.00 | 0.00 | | 0.00 | FA |
| 9 | 2 dogs | Unknown | 0.00 | | 0.00 | FA |
| 10 | Checking Wells Fargo | 0.00 | 0.00 | | 0.00 | FA |
| 11 | IRA Charles Schwab | 631,000.00 | 0.00 | | 0.00 | FA |
| 12 | 529 Plans for Isabella and Aliah Dowdall | 209,000.00 | 0.00 | | 0.00 | FA |
| 13 | Settlement of Claims Against Debtor, Business, Non-Filing Spouse (u) | 0.00 | 146,257.08 | | 146,257.08 | FA |
| | **TOTALS** (Excluding Unknown Values) | **$1,231,100.00** | **$146,257.08** | | **$146,257.08** | **$0.00** |

**Major activities affecting case closing:**

**Initial Projected Date of Final Report (TFR):** June 30, 2027

**Current Projected Date of Final Report (TFR):** June 30, 2027

September 22, 2026
Date

/s/ Mark A. Weisbart
Mark A. Weisbart

# Form 2
## Cash Receipts and Disbursements Record

**Case Number:** 24-42950 BR
**Case Name:** JOSEPH ANTHONY DOWDALL
**Taxpayer ID#:** **-***9855
**Period Ending:** 09/22/26

**Trustee:** Mark A. Weisbart
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******2778 - Checking
**Blanket Bond:** $300,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 07/23/25 | Asset #13 | Leila Dowdall | Settlement of Claims Against Debtor, Business, Non-Filing Spouse | | 1249-000 | 146,257.08 | | 146,257.08 |
| 07/31/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 39.32 | 146,217.76 |
| 08/29/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 152.31 | 146,065.45 |
| 09/30/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 182.58 | 145,882.87 |
| 10/31/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 212.75 | 145,670.12 |
| 11/28/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 212.44 | 145,457.68 |
| 12/31/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 236.37 | 145,221.31 |
| 01/30/26 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 235.98 | 144,985.33 |
| 02/27/26 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 235.60 | 144,749.73 |
| 03/31/26 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 235.22 | 144,514.51 |
| 04/30/26 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 234.84 | 144,279.67 |
| 05/29/26 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 234.45 | 144,045.22 |
| 08/20/26 | 100001 | Hayward PLLC | Attorney for Trustee Fees & Expenses (inv #3772) | | | | 23,585.92 | 120,459.30 |
| 08/20/26 | | Hayward PLLC | Attorney for Trustee Fees | 23,559.50 | 3110-000 | | | 120,459.30 |
| 08/20/26 | | Hayward PLLC | Attorney for Trustee Expenses | 26.42 | 3120-000 | | | 120,459.30 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **146,257.08** | **25,797.78** | **$120,459.30** |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | **146,257.08** | **25,797.78** | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$146,257.08** | **$25,797.78** | |

# Form 2
# Cash Receipts and Disbursements Record

| | |
|---|---|
| Net Receipts: | $146,257.08 |
| Net Estate: | $146,257.08 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******2778** | **146,257.08** | **25,797.78** | **120,459.30** |
| | **$146,257.08** | **$25,797.78** | **$120,459.30** |

# Exhibit C
# Claims Register
## Case: 24-42950-BR JOSEPH ANTHONY DOWDALL

Total Proposed Payment: $120,459.30 Claims Bar Date: 07/21/25

| Claim Number | Claimant Name / Category, Priority | Claim Type / Date Filed | Claim Ref. / Notes | Amount Filed / Allowed | Paid to Date / Proposed | Claim Balance |
|---|---|---|---|---|---|---|
| | Mark A. Weisbart<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231<br>2100-00 Trustee Compensation, 200 | Admin Ch. 7<br>07/23/25 | Trustee Fees & Expenses | $10,562.85<br>$10,562.85 | $0.00<br>$10,562.85 | $10,562.85 |
| | Mark A. Weisbart<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231<br>2200-00 Trustee Expenses, 200 | Admin Ch. 7<br>07/23/25 | Trustee Fees & Expenses | $1,004.82<br>$1,004.82 | $0.00<br>$1,004.82 | $1,004.82 |
| | Hayward PLLC<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231<br>3110-00 Attorney for Trustee Fees (Trustee Firm), 200 | Admin Ch. 7<br>04/28/26 | Attorney for Trustee Fees & Expenses | $23,559.50<br>$23,559.50 | $23,559.50<br>$0.00 | $0.00 |
| | Hayward PLLC<br>10501 N Central Expy, Suite 106<br>Dallas, TX 75231<br>3120-00 Attorney for Trustee Expenses (Trustee Firm), 200 | Admin Ch. 7<br>04/28/26 | Attorney for Trustee Fees & Expenses | $26.42<br>$26.42 | $26.42<br>$0.00 | $0.00 |
| 1 | MMWKM Advisors LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin St., Ste. 220<br>Houston, TX 77002<br>7100-00 General Unsecured § 726(a)(2), 610 | Unsecured<br>12/09/24 | stricken | $3,877,695.90<br>$0.00 | $0.00<br>$0.00 | $0.00 |
| 2 | MMWKM Advisors, LLC<br>c/o Patrick Yarborough<br>Foster Yarborough PLLC<br>917 Franklin, Suite 220<br>Houston, TX 77002<br>7100-00 General Unsecured § 726(a)(2), 610 | Unsecured<br>12/11/24 | | $3,877,695.90<br>$3,877,695.90 | $0.00<br>$108,891.63 | $3,877,695.90 |
| | | | **Case Total:** | **$3,912,849.49** | **$23,585.92** | **$3,889,263.57** |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 24-42950-BR

Case Name: JOSEPH ANTHONY DOWDALL

Trustee Name: Mark A. Weisbart

**Balance on hand:** $ 120,459.30

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| **NONE** | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 120,459.30

Application for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Mark A. Weisbart | 10,562.85 | 0.00 | 10,562.85 |
| Trustee, Expenses - Mark A. Weisbart | 1,004.82 | 0.00 | 1,004.82 |
| Attorney for Trustee, Fees - Hayward PLLC | 23,559.50 | 23,559.50 | 0.00 |
| Attorney for Trustee, Expenses - Hayward PLLC | 26.42 | 26.42 | 0.00 |

Total to be paid for chapter 7 administration expenses: $ 11,567.67
Remaining balance: $ 108,891.63

Application for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| **NONE** | | | |

Total to be paid for prior chapter administration expenses: $ 0.00
Remaining balance: $ 108,891.63

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| **NONE** | | | | |

| | |
|---|---|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 108,891.63 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $3,877,695.90 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.808 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | MMWKM Advisors LLC | 0.00 | 0.00 | 0.00 |
| 2 | MMWKM Advisors, LLC | 3,877,695.90 | 0.00 | 108,891.63 |

| | |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 108,891.63 |
| Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claims dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | **NONE** | | |

| | |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | **NONE** | | |

| | |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |

Remaining balance: $ 0.00